NUMBER 13-09-00257-CR


NUMBER 13-09-00258-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TOMMY LYNN COX, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court


 of Bee County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 In two separate trial court cause numbers below, Appellant, Tommy Lynn Cox was
charged with and pleaded "no contest" to indecency with a child. See Tex. Penal Code
Ann. § 21.11 (Vernon Supp. 2009). In the first case, which we have assigned as appellate
cause number 13-09-00257-CR, Cox was convicted on his plea and was sentenced to ten
years' imprisonment in the Texas Department of Criminal Justice--Institutional Division
("TDCJ-ID"). The trial court suspended the sentence and placed Cox on ten years'
community supervision. See Tex. Code of Crim. Proc. Ann. art. 42.12 § 3 (Vernon Supp.
2009). In the second case, which we have assigned as appellate cause number 13-09-00258-CR, the trial court deferred adjudication and placed Cox on ten years' community
supervision. See id. art. 42.12 § 5. 

 The State filed motions to revoke Cox's community supervision in each of the cases. 
Cox stipulated to all the facts and allegations regarding the violation of his community
supervision and pleaded "true" to the allegations in the motions to revoke. The trial court
revoked Cox's community supervision in the first case and sentenced him to seven years'
imprisonment in the TDCJ-ID. See id. art. 42.12 § 23(a). The trial court adjudicated Cox
guilty in the second case and likewise sentenced him to seven years' imprisonment in the
TDCJ-ID. Id. art. 42.12 § 5(b). The sentences were to run concurrently. 

 Cox's appellate counsel, concluding that "there are no arguable grounds to be
advanced on appeal," filed an Ander's brief in which he reviewed the merits, or lack
thereof, of the appeals. We affirm.

I. Discussion


 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the records yielded no grounds or error upon which any appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the records demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgments. Counsel has informed this Court that he has: 
(1) examined the records and found no arguable grounds to advance on appeal; (2) served
a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed
appellant of his right to review the records and to file a pro se response within thirty days. (1) 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman,
252 S.W.3d at 409 n.23. A sufficient time has passed, and Cox has not filed a pro se
response. 


II. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the cases are wholly frivolous. Penson v. Ohio, 488
U.S. 75, 80 (1988). We have reviewed the entire records, counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgments of the trial court.

III. Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's
motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered
to send a copy of the opinion and judgment to appellant and to advise appellant of his right
to file a petition for discretionary review in each of his cases. (2) See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673
(Tex. Crim. App. 2006). 




 __________________________

 GINA M. BENAVIDES,

 Justice



Do not publish.

See Tex. R. App. P. 47.2(b).


Delivered and filed the

8th day of July, 2010.






1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of his cases
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petitions for discretionary review. Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled
by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after
which it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition
for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.